WO                                                                                                      JL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Hector Salcido, | No. CV 20-08106-PCT-JAT (JZB) |
| Petitioner, | |
| v. | **ORDER** |
| David Shinn, et al., | |
| Respondents. | |

**I.    Procedural History**

On May 8, 2020, Petitioner David Hector Salcido, who is confined in the Central Arizona Correctional Facility in Florence, Arizona, filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and a Motion for Appointment of Counsel. In a May 19, 2020 Order, the Court denied the Motion for Appointment of Counsel, dismissed the Petition with leave to amend because Petitioner had not used the court-approved form for filing a habeas petition, and gave Petitioner 30 days to pay the filing fee or file an Application to Proceed In Forma Pauperis and to file an amended petition.  The same day, Petitioner filed a Motion to Secure Habeas Petition Copy, which the Court granted in a May 26, 2020 Order.

On June 1, 2020, Petitioner filed a Motion to Clarify and Amend Original Motion for Appointment of Counsel (Doc. 7) and an Omnibus Motion (Doc. 8).

. . . .

. . . .

**JDDL**

## II. Pending Motions

### A. Motion to Clarify and Amend

In his Motion to Clarify and Amend, Petitioner presents additional arguments in support of his Motion for Appointment of Counsel. The Court will construe the Motion to Clarify and Amend as a motion for reconsideration.[1]

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through – rightly or wrongly.'" *Defenders of Wildlife*, 909 F. Supp. at 1351 (*quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

As the Court informed Petitioner in the May 19, 2020 Order, "[i]ndigent state prisoners applying for habeas corpus relief are *not* entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent

---

[1] In his Omnibus Motion, Petitioner explains that when he wrote the Motion to Clarify and Amend, he had not received the Court's May 19, 2020 Order denying his Motion for Appointment of Counsel and asks the Court to consider the Motion to Clarify and Amendment as a motion for reconsideration.

due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (emphasis added). However, the Court has discretion to appoint counsel when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

Petitioner asserts that appointment of counsel is mandatory when an evidentiary hearing is ordered and where counsel is necessary for effective discovery. At this time, however, there is no petition pending, because the Court dismissed the original Petition with leave to amend. Furthermore, a habeas petitioner is not necessarily entitled to either discovery or an evidentiary hearing. Rule 6 of the Rules Governing Section 2254 Cases provides, "A judge *may*, for *good cause*, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Rule 8 of the Rules Governing Section 2254 Cases provides, "If the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." "*If* an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A." *Id.* (emphasis added).

Until the Court has directed Respondents to answer a petition or amended petition, any request for discovery or an evidentiary hearing is premature, and appointment of counsel is therefore unnecessary at this stage. The Court informed Petitioner in the May 19, 2020 Order that if, at a later date, the Court determines that an evidentiary hearing is required, counsel will be appointed in accordance with Rule 8(c) of the Rules Governing Section 2254 Proceedings.

The Court has reviewed Petitioner's Motion for Appointment of Counsel, the May 19, 2020 Order, and Petitioner's Motion to Clarify and Amend. The Court finds no basis to reconsider its decision. Petitioner has simply raised arguments that he could have raised in his Motion for Appointment of Counsel and asks the Court to "rethink" what the Court has already thought through. Thus, the Court will deny Petitioner's request for

reconsideration.

### B. Omnibus Motion

In his Omnibus Motion, Petitioner asserts that a receipt sent from the Court to Petitioner demonstrates that he paid the $5.00 filing fee. The Court has confirmed that Petitioner paid the filing fee. Accordingly, the Court will vacate the portion of the May 19, 2020 Order directing Petitioner to pay the filing fee or file an Application to Proceed In Forma Pauperis.

Petitioner also states in the Omnibus Motion that he is "willing" to comply with the Court's Order to file an amended petition using the court-approved form, but asserts that when he filed his original Petition, he did not send enough copies of the Petition, and he did not receive a stamped copy of the Petition. To the extent that Petitioner seeks guidance regarding the number of copies he must submit to receive a return copy, the Court informed Petitioner of those requirements in the May 19, 2020 Order. Petitioner also asks the Court for a 30-day extension of time to file an amended petition. The Court will grant Petitioner's request for an extension of time. Petitioner shall have 30 days from the filing date of this Order to file an amended petition in compliance with the May 19, 2020 Order. To the extent that Petitioner seeks any other relief, it will be denied.

## II. Warnings

### A. Address Changes

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Possible Dismissal

If Petitioner fails to timely comply with every provision of the May 19, 2020 Order and this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Petitioner's Motion to Clarify and Amend Original Motion for Appointment of Counsel (Doc. 7) is **construed** as a motion for reconsideration of the Court's denial of Petitioner's Motion for Appointment of Counsel. So construed, the Motion is **denied**.

(2) Petitioner's Omnibus Motion (Doc. 8) is **granted** to the extent that the Court will **vacate** the portion of the May 19, 2020 Order directing Petitioner to pay the filing fee or file an Application to Proceed In Forma Pauperis. The Motion is **granted** as to Petitioner's request for an extension of time to file an amended petition. In all other respects, the Motion is **denied**.

(3) Petitioner has **30 days** from the filing date of this Order to file an amended petition in compliance with the May 19, 2020 Order.

(4) If Petitioner fails to file an amended petition within 30 days, the Clerk of Court must enter a judgment of dismissal of this action, without prejudice and without further notice to Petitioner and deny any pending unrelated motions as moot.

Dated this 8th day of June, 2020.

James A. Teilborg
Senior United States District Judge